(137 So. 203)

## CORBELLO et al. v. CORBELLO.
### No. 31130.

April 27, 1931.

Cline, Plauche & Girod, of Lake Charles, for appellant.

Thomas Arthur Edwards, of Lake Charles, for heirs present and represented.

ROGERS, J.

In March, 1925, Mrs. Erisse Corbello was interdicted by the Fourteenth district court for the parish of Calcasieu, and the Calcasieu National Bank of Lake Charles was appointed curator of the interdict. The bank rendered provisional accounts annually until the interdict died in February, 1930, when it rendered its final account. The heirs of the deceased opposed the accounts filed by the bank, and, on the trial of the opposition, the district court rendered a judgment approving the accounts, directing that the funds in the possession of the curator be distributed, and ordering the curator discharged. On appeal to this court, the judgment was affirmed. See Corbello v. Corbello, 171 La. 735, 132 So. 127. Subsequently, the bank filed a supplement to its final account, in which it sought authority to pay certain expenses and charges resulting from the opposition and appeal. The heirs of Mrs. Erisse Corbello also opposed this supplemental account to which they filed an exception of no right or cause of action and a plea of res judicata. These pleas were maintained by the court below, which dismissed the curator's supplemental account at its costs. The bank then moved for a suspensive appeal, which the court below, acting on the motion, granted from the judgment maintaining the peremptory exceptions filed by the opponents, but denied from the prior judgment approving the curator's accounts, directing a distribution of the funds, sending the heirs into possession, and ordering the curator's discharge. The bank, through its attorneys, objected to the order of appeal as granted, and applied

to this court for the appropriate writs to review the ruling of the court below. This application was denied on February 2, 1931, on the ground that the ruling complained of was correct. The transcript of appeal was filed on February 24, 1931, and on February 27, 1931, appellees moved to dismiss the appeal, on the grounds, substantially, that the appellant had exhausted its remedy by its unsuccessful application for the remedial writs and that the ruling of this court on appellant's application constitutes res judicata in the present appeal, barring all inquiry into the subject matter thereof.

Neither of the grounds relied on by the appellees warrants this court in dismissing the bank's appeal. The right of a litigant to appeal from an adverse judgment is wholly different from his right to invoke the supervisory process of the court to review an adverse ruling of an inferior court. The remedies are not interchangeable. Under the constitutional provisions the court's appellate jurisdiction is as distinct in its nature as it is in its name from the court's supervisory jurisdiction. The court's supervisory powers are exercised only in those cases where there is no remedy by appeal or where such a remedy is likely to prove inadequate. All that was decided on the bank's application for the remedial writs was that the court below had properly denied the bank's motion for an appeal from its judgment, affirmed by this court, dismissing the opposition of the interdict's heirs to the several accounts filed by the bank as the interdict's curator. This ruling does not affect the merits of the present appeal the purpose of which is to bring up for review the judgment of the court below dismissing on the appellees' peremptory exceptions the bank's supplemental account.

For the reasons assigned, the motion to dismiss the appeal is denied.